Abdoul DIALLO, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–0199–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

---

Ronald S. Salomon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Abdoul Diallo, a native and citizen of Guinea, seeks review of a December 13, 2007 order of the BIA, affirming the March 28, 2006 decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdoul Diallo,* No. A99 423 307 (B.I.A. Dec. 13, 2007), *aff'g* No. A99 423 307 (Immig. Ct.

N.Y. City Mar. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Diallo has failed to present any constitutional claim or question of law related to the agency's finding that his asylum application was time-barred, we lack jurisdiction to review the agency's decision insofar as it pretermitted his asylum claim. We therefore dismiss the petition for review to that extent. 8 U.S.C. § 1158(a)(3). However, we may review his challenge to the agency's denial of his applications for withholding of removal and relief under CAT.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard . . . ." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008); *see also* 8 U.S.C. § 1252(b)(4)(B). "We review *de novo* questions of law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find that substantial evidence supports the agency's adverse credibility determination. Indeed, the IJ properly relied on inconsistencies found in the record. For example, Diallo's testimony that he joined the Union for Progress and Renewal ("UPR") in January 2000 was inconsistent with a UPR registration form indicating that he joined the group in October 2000. Likewise, Diallo's testimony that he received medical treatment for back injuries after being beaten in detention was inconsistent with his supporting medical certificate, which indicated that he received treatment for gastric problems. Although Diallo offered explanations for these inconsistencies, a reasonable factfinder would not have been compelled to accept them. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). Additionally, we note that, contrary to Diallo's argument, the IJ did not err in relying on minor inconsistencies that did not go to the heart of his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may, considering the totality of the circumstances, base a credibility determination on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim"); *see also Xiu Xia Lin*, 534 F.3d at 165–66 (noting that under the REAL ID Act, an IJ may base an adverse credibility determination on "inconsistencies and omissions that are 'collateral or ancillary' to an applicant's claims"). Accordingly, the agency's denial of Diallo's application for withholding of removal was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

As to Diallo's claim for relief under CAT, regardless of whether the agency erred in relying on its adverse credibility determination to deny his application for such relief, *see Xue Hong Yang v. U.S.* *Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005), we find that the agency's alternative finding—that Diallo failed to bear his burden of proof—was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). Indeed, the IJ explicitly considered the country conditions evidence in the record and reasonably concluded that the record evidence did not demonstrate a likelihood that Diallo would be tortured.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.